**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM,** *individually and on behalf of all other similarly situated shareholders of* EXXON MOBIL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>**DARREN W. WOODS,** *et al.*,<br><br>Defendants | Civil Action No. 25-16633 (ZNQ) (TJB)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion for Expedited Proceedings and Discovery (the "Motion") filed by Plaintiff City of Hollywood Police Officers' Retirement System, individually and on behalf of all other similarly situated shareholders of Exxon Mobil Corporation ("Plaintiff"). (ECF No. 21.) Plaintiff filed a brief in support. ("Moving Br.," ECF No. 21-1.) Defendants Darren W. Woods, Michael J. Angelakis, Angela F. Braly, Maria S. Dreyfus, John D. Harris II, Kaisa H. Hietala, Joseph L. Hooley, Steven A. Kandarian, Alexander A. Karsner, Lawrence W. Kellner, Dina Powell McCormick, and Jeffrey W. Ubben (collectively, the "Individual Defendants") and Exxon Mobil Corporation ("Exxon") (collectively, "Defendants") filed a brief in opposition (Opp'n Br.", ECF No. 27), to which Plaintiff replied ("Reply Br.," ECF No. 28).

1

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **DENY** Plaintiff's Motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

Exxon is a New Jersey Corporation operating in the oil, gas, and petrochemical industries for more than 140 years. (Compl. ¶ 26.) On September 15, 2025, Exxon announced that it would begin to implement a new, first of its kind program that would ask Exxon's retail investor shareholders to enroll in a new Retail Voting Program ("RVP"). (*Id.* ¶¶ 1, 31.) Under the RVP, shareholders' shares would be voted automatically in alignment with recommendations from Exxon's Board of Directors (the "Board"). (*Id.* ¶ 1.) On September 17, 2025, Exxon filed a proxy solicitation inviting retail shareholders to enroll in the RVP through a website link or QR code (the "Solicitation"). (*Id.* ¶ 3.) Only retail investors are asked to join the RVP and designate Exxon the ability to vote their shares in perpetuity in favor of the Board's recommendations either: (1) as to all matters; or (2) as to all matters except director elections or any acquisition, merger, or divestiture transaction that, under applicable state law or stock exchange rules, requires approval of Exxon's shareholders. (*Id.* ¶ 2.) Shareholders who decide to enroll in the RVP are permitted to un-enroll at any time. (*Id.*)

Exxon requested that the Securities and Exchange Commission's ("SEC") Division of Corporation Finance (the "Division") issue a letter granting no-action relief for its RVP. (*Id.* ¶ 32.) Exxon specifically did not seek the Division's opinion regarding whether the RVP constituted a "solicitation," but conceded that Rule 14a-2(a)(1)'s provisions would apply. (*Id.* ¶ 33.) The Division granted Exxon's request for no-action relief, even though "the RVP represented an

2

extraordinary departure from standard voting procedure[] and had never been instituted or even publicly considered by any publicly traded corporation." (*Id.* ¶ 34.)

## II.   SUBJECT MATTER JURISDICTION

This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 78aa, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) provides the general rule that "[a] party may not seek discovery from any source before the parties have conferred as required by [Federal Rule of Civil Procedure] 26(f)." The Court has the discretion, however, to grant leave to conduct discovery prior to that conference. *Id.* In a ruling on a motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." *Better Packages, Inc. v. Zheng*, Civ. No. 05-4477, 2006 WL 1373055, at *3 (D.N.J. May 17, 2006) (quoting *Ent. Tech. Corp. v. Walt Disney Imagineering*, Civ. No. 03-3546, 2003 WL 22519440, at *4 (E.D. Pa. Oct. 2, 2003)). Courts faced with these types of motions often apply the "good cause" test, which finds good cause "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). That inquiry is fact-specific and considers the totality of the circumstances, including whether the need for discovery outweighs any burden or prejudice to the responding party. Relevant factors include: (1) the timing of the request in relation to the normal start of discovery; (2) whether the discovery sought is narrowly tailored; (3) the purpose of the request; (4) the burden on the responding party; and (5) whether the requested discovery can reasonably be provided on an expedited basis. *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-2674, 2020 WL 3567282, at *4

3

(D.N.J. June 30, 2020). No single factor is dispositive, and courts are guided by practical considerations of fairness and efficiency.

If applicable, however, the PSLRA requires an elevated showing for a plaintiff to obtain discovery in advance of a decision on a motion to dismiss. The PSLRA states:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, *unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party*.

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). The stay arises automatically without court order. *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 383 (2014).

## IV.    DISCUSSION

Plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing during which it will seek to prevent Exxon's alleged violations of the SEC's proxy solicitation rules in advance of Exon's 2026 annual shareholder meeting. (Moving Br. at 10.) To accomplish that, Plaintiff proposes serving specific discovery requests on Defendants. (*Id.* at 15.) Plaintiff also seeks to depose: (1) one Board member who is "most knowledgeable regarding [Exxon's] adoption of the RVP;" (2) one member of Exxon's executive management who is most knowledgeable regarding the RVP's adoption; and (3) David A. Kern, a lawyer in Exxon's legal department. (Moving Br. at 16; Opp'n Br. at 22.)

Defendants argue that the Motion should be denied because it is foreclosed by the automatic discovery stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), and that even if the PSLRA does not operate to stay discovery, Plaintiff has not shown a need for expedited discovery, nor demonstrated a sufficient possibility of irreparable harm to justify such. (Opp'n Br. at 10–17.)

4

Plaintiff argues that the PSLRA's mandatory discovery stay does not apply because it only applies to "federal claims, or to state law claims interrelated with simultaneously-brought federal claims." (Moving Br. at 2.) Plaintiff asserts that it only brought state law breach of fiduciary duty claims. (*Id.*)

First, the Court considers whether Plaintiff's claims are subject to the PSLRA's discovery stay provision. *See Herrley v. Frozen Food Express Indus., Inc.*, Civ. No. 13-3004, 2013 WL 4417699, at *1 (N.D. Tex. Aug. 19, 2013) ("Plaintiff's arguments that 'good cause' exists for ordering expedited discovery under Fed. R. Civ. P. 26(d)(1) are inapposite as the threshold issue is whether any discovery is appropriate [under the PSLRA] prior to the resolution of the pending motions to dismiss.").

"'Congress enacted the discovery stay in order to minimize the incentives for plaintiffs to file frivolous securities . . . actions in the hope either that corporate defendants will settle those actions rather than bear the high cost of discovery . . . or that the plaintiff will find during discovery some sustainable claim not alleged in the complaint.'" *Dipple v. Odell*, 870 F. Supp. 2d 386, 390 (E.D. Pa. 2012) (quoting *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002)); *see also Sarantakis v. Gruttaduaria*, Civ. No. 02-1609, 2002 WL 1803750, at *1 (N.D. Ill. Aug. 5, 2002).

Plaintiff cites to *Cohen v. El Paso Corp.*, Civ. No. 551-N, 2004 WL 2340046 (Del. Ch. Oct. 18, 2004), in support of its argument that the PSLRA does not apply. In *Cohen*, the Court of Chancery of Delaware held that the automatic stay provision did not preclude a shareholder—who was not a party in a separate federal securities action against the defendant corporation—from inspecting the corporation's books and records pursuant to a state statute. *Cohen*, 2004 WL 2340046, at *3–4.

*Cohen* is inapposite to the facts currently before this Court.  First, *Cohen* involved a state court motion entirely separate from an ongoing federal securities action. *Id.* at *1.  Second, the plaintiff in *Cohen* did not assert any claims for securities violations but instead sought to "investigate waste and mismanagement" by the defendant corporation. *Id.* at *1–2.  And third, although the plaintiff's motion was granted by the state court, it was later stayed by the federal court hearing the federal securities action.  *See City of Austin Police Ret. Sys. v. ITT Educ. Servs., Inc.*, Civ. No. 04-380, 2005 WL 280345, at *8 (S.D. Ind. Feb. 2, 2005) (citing *Wyatt v. El Paso Corp.*, No. H-02-2717 (S.D. Tex. Dec. 8, 2004)).

Although Plaintiff claims that none of the discovery sought in the instant Motion pertains to federal securities claims, Plaintiff's assertion that the PSLRA does not apply here is incorrect.  Plaintiff may have brought state law breach of fiduciary duty claims against Defendants, but the breaches alleged were violations of the disclosure requirements in 17 C.F.R. § 240.14a ("Section 14(a)").  (*See* Compl. ¶¶ 33–48; 66–68, 83.)  The PSLRA intentionally casts a broad net.  By its own terms, it applies to "any private right action *arising under* this chapter."  To permit Plaintiff to circumvent the PSLRA in the way it proposes would be to elevate form over substance.  Courts have rejected similar gamesmanship by plaintiffs attempting to avoid the PSLRA stay by alleging state law claims together with federal claims.  *See Resnik v. Woertz*, 774 F. Supp. 2d 614, 630 (D. Del. 2011) (the PSLRA applied where plaintiff brought claims pursuant to Section 14(a)).  "[T]he interrelatedness of the federal and . . . state claims evidence that any discovery sought on the state claims would most likely be relevant to . . . federal securities claims." *Spina v. Refrigeration, Serv. & Eng'g, Inc.*, Civ. No. 14-4230, 2014 WL 499622, at *5 (E.D. Pa. Oct. 7, 2014) (citing *Winer Family Trust v. Queen*, Civ. No. 03-4318, 2004 WL 350181, at *3 (E.D. Pa. Feb. 6, 2004) (denying discovery request for state law claims where it would likely lead to information relevant to federal

6

securities claims)).  *See also In re Smith Barney Transfer Agent Litig.*, Civ. No. 05-7583, 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006); *Winer Family Trust*, 2004 WL 350181, at *2; *Riggs v. Termeer*, Civ. No. 03-4014, 2003 WL 21345183, at *1 (S.D.N.Y. June 9, 2003); *Sarantakis v. Gruttaduaria*, Civ. No. 02-1609, 2002 WL 1803750, at *4 (N.D. Ill. Aug. 5, 2002); *Angell Invs., L.L.C. v. Purizer Corp.*, Civ. No. 01-6359, 2001 WL 1345996, at *2 (N.D. Ill. Oct. 31, 2001); *Spina*, 2014 WL 4996200, at *5 ("In reaching this holding, we agree with the United States Court of Appeals for the Ninth Circuit that 'Congress' attempt to address [concerns of discovery abuse] would be rendered meaningless if securities plaintiffs could circumvent the stay simply by asserting . . . state law claims in federal court in conjunction with . . . federal law claims.'") (citing *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 189 F.3d 909, 913 n.1 (9th Cir. 1999)).  In short, this Court rejects Plaintiff's attempt at making an "end run" around the PSLRA and extends the principles of the foregoing authorities to find that the PSLRA's automatic stay provision applies to state law claims for breach of fiduciary duties premised on violations of the securities laws even when those claims are brought without corresponding claims asserted directly under federal law.  *See Angell Invs., L.L.C.*, 2001 WL 1345996, at *2 (stating that allowing discovery on state law claims would be an impermissible "end run" around the PSLRA).

The stay, however, is not irrebuttable.  As set forth above, to obtain relief from the stay of discovery imposed by the PSLRA, the discovery requested must be "particularized" and a plaintiff must demonstrate that it will suffer "undue prejudice" absent the "particularized discovery." U.S.C. § 78u-4(b)(3)(B).  The burden of establishing undue prejudice lies with the plaintiff. *Spina*, 2014 WL 4996200, at *6 (E.D. Pa. Oct. 7, 2014).

Nonetheless, Plaintiff neglects to provide any authority or legal analysis beyond maintaining its assertion that the stay provision does not apply.  It has made no showing with

respect to undue prejudice or particularized discovery. (*See* Reply Br. at 2–4) *See also Botton*, 2011 WL 3438705, at *3 (denying motion for expedited discovery where plaintiff argued, in part, that "without expedited discovery[] he will be unable to support a motion for a preliminary injunction prior to [a shareholder] vote"); *Dipple*, 870 F. Supp. 2d at 391–95 (denying motion to expedite discovery in advance of motion for preliminary injunction pursuant to PSLRA automatic stay; *Schaper*, 2023 WL 4532462, at *6 (finding no undue prejudice to plaintiff in waiting until resolution of a motion to dismiss before proceeding with discovery because "Plaintiff is not prohibited from filing his preliminary injunction without expedited discovery and may rely on the Complaint"). Given that Plaintiff has not made the elevated showing required for discovery during the stay under the PSLRA, its request will be DENIED.[1]

## V.   CONCLUSION

For the reasons stated above, the Court will **DENY** Plaintiff's Motion. An appropriate Order will follow.

Date: December 30, 2025

> s/ Zahid N. Quraishi
> **ZAHID N. QURAISHI**
> **UNITED STATES DISTRICT JUDGE**

---

[1] Because the Court finds that the PSLRA stay applies to Plaintiffs' claims, the Court does not reach Defendants' alternative argument made under Rule 26's reasonableness standard.